UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JAGPREET JAGPREET SINGH**,

    *Petitioner*,

  v.

**JOHN TSOUKARIS,** *et al.*,

    *Respondents*.

No. 26-cv-01531

**ORDER**

**THIS MATTER** comes before the Court pursuant to its prior Order issuing a writ of habeas corpus and ordering Petitioner's immediate release from custody. (ECF No. 8). More precisely, it is now again before the Court as a result of substantial concerns related to Respondents' repeated failure to comply with lawful federal court orders, both in this case and in others. (*See id.* at 2 n.1); and

**WHEREAS**, in this matter, at the time the Petition was filed, Petitioner was being detained by Immigration and Customs Enforcement ("ICE") at the Delaney Hall Detention Facility in Newark, New Jersey. (Pet., ECF No. 1 at ¶ 17). Following the filing of the Petition, on February 17, 2026, at approximately 2:47 p.m., the Court issued a Text Order, pursuant to its inherent authority under the All Writs Act, 28 U.S.C. § 1651, that enjoined Respondents from transferring Petitioner outside the State of New Jersey pending resolution of the Petition. (ECF No. 3); and

**WHEREAS**, the Court further directly provided a copy of such Order to the United States

Attorneys' Office via email on the same date at 2:51 p.m., which confirmed receipt thereof;[1] and

**WHEREAS**, in apparent clear defiance of that order, on February 18, 2026, at approximately 12:30 p.m., nearly twenty-two (22) hours after the entry of the Court's no transfer Order, ICE reportedly transferred Petitioner from Delaney Hall to the Metropolitan Detention Center in Brooklyn, New York. (ECF No. 6 at 3); but

**WHEREAS**, although the United States Attorney's Office advised the Court that it learned of the violation of the Court's Order on the morning of February 19, 2026, counsel did not notify the Court until almost six (6) hours later. (*See id.*); and

**WHEREAS**, without any explanation, the United States Attorney's Office now advises the Court in a subsequent letter that, suddenly, "ICE informed" them "that it determined that Petitioner has remained at Delaney Hall Detention Facility since the Court's February 17 order and was never transferred in violation of the Court's injunction." (ECF No. 9); and

**WHEREAS**, the presumption of regularity and integrity previously and routinely afforded to the Executive branch and the United States Attorney's Office has been undeniably eroded in this jurisdiction and across the country, and this Court will no longer blindly accept statements of fact from Respondents unless they are made under oath by an individual with personal knowledge. Indeed, recent proceedings in this District included an instance of a district court judge ordering the United States Attorney's Office for the District of New Jersey to file an affidavit enumerating "each instance in which the Respondents or people acting on their behalf violated an order issued by a judge of this district between December 5, 2025 and the present." *Kumar v. Soto*, No. 26-

---

[1] Separate and apart from the earlier Text Order, the Court's Expedited Order to Answer was issued shortly thereafter. (ECF No. 4). That Order unequivocally reiterated that Petitioner "shall remain in the State of New Jersey and shall not be transferred outside the State of New Jersey until further order of the Court." (*Id.* at 5).

00777, ECF No. 14 (D.N.J. Feb. 5, 2026). In response to that order, Jordan Fox, the Chief of Staff to the United States Deputy Attorney General,[2] filed a declaration identifying at least 56 instances in which the lawful orders of judges in this District were violated ("Fox Declaration") between December 5, 2025 and February 12, 2026. (*See id*. ECF No. 21-1); and

**WHEREAS**, this Court has good reason to suspect that number is underreported. For example, the Fox Declaration tallied "incomplete production" violations for instances where "Respondents were unable to comply with the court's order directing Respondents, *inter alia*, to include a certification attesting to the completeness of all immigration documents produced . . . ." (*Id.* at ¶ 27). Yet this Court has included a similar certification requirement in nearly all its recent orders for an expedited response to habeas corpus petitions, and in nearly every instance the Respondents have admitted "that they have not satisfied the Court's Order in full, including by failing to provide a certification for this response." *E.g. Gadea Leon v. Bondi*, No. 26-00716, ECF No. 6 at 2 (D.N.J. Jan. 25, 2026); *Alves Sarmento v. Warden*, No. 26-00574, ECF No. 5 at 2 (D.N.J. Jan. 22, 2026); *Salto-Salto v. Soto*, No. 26-00612, ECF No. 5 at 2 (D.N.J. Jan. 22, 2026). But *only six* of this Court's prior cases are listed as "incomplete production" violations in the Fox Declaration. (*See Kumar v. Soto*, No. 26-00777, ECF No. 14 at 9–10 (D.N.J. Feb. 13, 2026) (listing *Wang v. Francis*, No. 25-18053 (D.N.J.); *Morales Penaloza v. Bondi*, No. 25-18686 (D.N.J.); *Cruz Santos v. Baker*, No. 25-18959 (D.N.J.); *Chintaman Pendse v. Warden Delaney Hall Detention*

---

[2] Ms. Fox also holds the titles of Associate Deputy Attorney General and Special Attorney for the United States Attorney's Office for the District of New Jersey. *See Kumar v. Soto*, No. 26-00777, ECF No. 21-1 at ¶ 1 (D.N.J. Feb. 13, 2026).

*Facility*, No. 25-19125 (D.N.J.); *Aslan v. Noem*, No. 26-00085 (D.N.J.);[3] and *Kumar v. Soto*, No. 26-00203 (D.N.J.)). The Court has identified at least three additional cases—*Gadea Leon*, *Alves Sarmento*, and *Salto-Salto*, cited above—that would fall within the Fox Declaration's time parameters and meet its definition of incomplete productions, yet are not included on the list of incomplete production violations. This only furthers the Court's concerns as to Respondents' representations to this Court in this case; therefore

**IT IS HEREBY** on this 20th day of February, 2026,

**ORDERED** that Respondents shall:

1. File an affidavit under oath from a person with personal knowledge which sets forth the chronology, by precise date and time, of Petitioner's detention and whereabouts from the moment of his initial detention to his eventual release pursuant to this Court's Order. Such affidavit shall be supported by relevant documentation; and

2. File an affidavit under oath from a person with personal knowledge which sets forth the factual basis for the information provided to this Court in their initial letter, (ECF No. 6), stating that the Court's no transfer Order had been violated, including the name and title of the source of the information. Such affidavit shall be supported by relevant documentation; and

3. File an affidavit under oath from a person with personal knowledge which sets forth the factual basis for the information provided to the Court in its second letter, (ECF No. 9), now stating that Petitioner remained in New Jersey and was not transferred,

---

[3] Complicating the Court's ability to verify the completeness of the Fox Declaration is that some of its docket number citations may be incorrect. For example, the Fox Declaration seems to note Respondents' incomplete production violation in *Aslan*, but it incorrectly lists the case number as 25-00085. *See Kumar v. Soto*, No. 26-00777, ECF No. 14 at 9 (D.N.J. Feb. 13, 2026); *Aslan v. Noem*, No. 26-00085 (D.N.J.).

including the name and title of the source of the information. Such affidavit shall be supported by relevant documentation; and

4. Show cause as to why, pursuant to the Federal Rules of Civil Procedure and/or this Court's inherent authority, sanctions, including but not limited to reasonable attorneys' fees, should not be imposed for failure to comply with the Court's prior orders of February 17, 2026. (ECF Nos. 3, 4); *see* FED. R. CIV. P. 37(b); and

5. Respondents' submission shall be filed by February 23, 2026. Petitioner shall file a response by February 27, 2026, which addresses whether the facts as to Petitioner's location during the pendency of the Petition are indeed as Respondents now claim. Any reply by Respondents shall be filed by March 1, 2026.

*[Signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**